## REBECCA STODDART *v.* ANN MARSHALL, ET AL.

1. Where a petition for an assignment of dower is filed, and afterward, before a decree is entered, the property is divided between the defendants, the dower may be charged on the whole lot.
2. The rents, issues, and profits should be estimated as of the time the action is brought. A lease of the property at an extravagant rent, furnishes no rule binding and controlling the commissioners as to the annual rents, issues, and profits.

SPECIAL TERM.—On motion to confirm commissioners' assignment of dower. The first order of assignment provided for the selection of the commissioners by the sheriff, which was done and a report made; thereupon that order and all

proceedings under it were set aside, and a further order of assignment issued, appointing the same individuals as commissioners to assign dower. In their report they say:

" We find that one-half of the property, described in the order, was leased on January 1, 1850, by M. P. Cassily to Boylan & Co., for the sum of thirteen hundred dollars per annum, for ten years from the date of said lease, and in the opinion of the commissioners, that is more than said property could now be rented for. We therefore estimate and assign to the said Rebecca Stoddart, as one-third of the rents, issues and profits of the whole of said premises, for and during the continuance of said lease to Boylan & Co., the sum of five hundred and eighty-two dollars per year; and we set off and assign to the said Rebecca, as one-third of the rents, issues and profits of the whole of said property, after the expiration of said lease to Boylan & Co., that is after January 1, 1860, at the sum of four hundred and fifteen dollars per year, for and during her natural life ; and we do estimate the value of the whole of said property, estimating the same from March 2, 1857, when the petition was filed, at the sum of seventeen hundred and forty-five dollars per year, after deducting for necessary expenses."

The other facts are sufficiently stated in the decision.

*Joliffe & Gitchell,* for plaintiff.

*Pendleton & Doddridge, T. J. Gallagher,* and *D. L. Collier,* for defendants.

GHOLSON, J. A motion has been made, in this case, to confirm the report of commissioners, assigning dower to the plaintiff. This motion has been resisted on several grounds.

The plaintiff has a right of dower in a lot of ground, thirty feet front, on Main street, between Fourth and Fifth streets. This lot, since the petition was filed, has been divided between two of the defendants. This, I think, can not affect the right of the plaintiff to have her dower charged on the whole lot.

How it might be if there had been a partition and holding in severalty, before the action was brought, I need not say.

It is said the assignment shows no notice taken of improvements since alienation by husband. I am not aware that the assignment should notice this matter. It does say, in the language of the law, that necessary expenses, which must include taxes, repairs, etc., are deducted.

As to the claim that dower had before been assigned to Mrs. Cassily, the wife of the vendee of the husband of the plaintiff, this most surely, it appears to me, can not affect, on any principle, the right of the plaintiff. No one claiming under Cassily can acquire a better right than he had, and he took the lot subject to the plaintiff's right of dower, then inchoate.

It can be no objection that the same commissioners were appointed who acted under a former order irregularly made. The present are the first and only ones appointed by the court.

The only other question is as to the amount. With this, I can only interfere when it appears that the commissioners have adopted some wrong principle. I am very clear that they did not err in estimating the rents, issues, and profits, as of the time the action was brought. Had they done so, there would have been no difficulty in the case. The doubt is, whether the report does not show on its face that the commissioners regarded the past value of the property, and not the value as of the time the action was brought.

It appears from the report that one-half the lot had been rented, in 1850, for thirteen years, at thirteen hundred dollars a year. This, the commissioners say, is more than it would rent for at the time of making the report, and yet during the time this lease had to run, they actually give the plaintiff one hundred and sixty-seven dollars a year, on account of that very lease. Now, this lease furnished no rule binding and controlling the commissioners as to the annual rents, issues, and profits. If a party holding land subject to a right of dower, leases it at an extravagant rent, at a rent

34

obviously above the real value of the property, there is no justice or propriety in endowing the widow by a charge of one-third of this rent. In an ordinary case, it might be very fairly assumed that land was worth what it was renting for, and this might be a proper evidence for the commissioners in making their estimate. But as the vendee of land subject to dower could not substantially defeat the right of dower by granting a lease for a long term of years, at a low rent, so, if he happens to obtain a covenant to pay a very high rent, one much beyond the real value, the widow has no right to claim this; and there is one reason all-sufficient, the covenant, in such a case, as it would be reasonable to expect, might be broken, and there might be no remedy for the breach.

In truth, the vendee, and all claiming under him, take, subject to the right of dower; with their relations and covenants, and the prospect of their being complied with, the widow properly has no interest. With such inquiries the commissioners should not meddle, and they must necessarily do so to determine whether a lease, such as the one mentioned in the report, will continue to be available. In one case, and perhaps in the present, it might be in a dozen others, it might fail. It would depend on a question of personal responsibility, and not on the yearly value of land; and it is with the latter, only, the commissioner should deal.

I think there is an error in allowing one hundred and sixty seven dollars for the time the lease has to run. In other respects the report is correct. If that amount be relinquished, as I think it should be, there is no objection, that I can perceive, to confirming the report.

It is therefore ordered that so much of the report as provides for the payment of the sum of five hundred and eighty-two dollars per annum as dower, until January 1, 1860, be so modified as to require payment only in the sum of four hundred and fifteen dollars per annum; and thus modified, the appraisement and assignment of dower will be approved and confirmed.